**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:26-cv-00298-MR-WCM**

| | | |
|---|---|---|
| **TROY LEE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **MEMORANDUM OF** |
| **vs.** | ) | **DECISION AND ORDER** |
| | ) | |
| **3E MAVERICK, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 2].

The Defendant 3E Maverick, LLC removed this matter on September 25, 2026 [Doc. 1] and contemporaneously therewith sought a temporary restraining order [Doc. 2].

"[P]reliminary injunctions are extraordinary remedies involving the exercise of very far-reaching power to be granted only sparingly and in limited circumstances ...." Salomon & Ludwin, LLC v. Winters, 150 F.4th 268, 273 (4th Cir. 2025) (citation omitted). To obtain temporary injunctive relief, a party must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) injunctive relief is in the public interest.

Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). While parties seeking such relief "need not establish a certainty of success, they must make a clear showing that they are likely to succeed at trial." Real Time Med. Sys., Inc. v. PointClickCare Techs., Inc., 131 F.4th 205, 223 (4th Cir. 2025) (citation omitted). A party's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metropolitan Reg'l Info. Sys., Inc. v. American Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

Here, the Defendant has presented no pleading that presents any claim against the Plaintiff or otherwise contains any prayer for relief.[1] This leaves open the question as to what exactly the Defendant claims it has a likelihood of success on the merits of. Moreover, the Defendant has failed to show any irreparable harm that would arise from the denial of interim relief and allowing this case to proceed on the merits. The Defendant acknowledges receiving notice as early as June 3, 2026 of the Plaintiff's actions that are the basis of this case. [Doc. 1-1 at 58, 63]. However, the Defendant did not seek any relief at that time. The Defendant was then

[1] Even the Defendant's Motion for Temporary Restraining Order and Preliminary Injunction [Doc. 2] fails to contain a prayer for relief requesting a temporary restraining order and/or preliminary injunction. Instead, the Defendant merely refers to a proposed order that it attached as an exhibit to its motion. [Doc. 2-18].

served with the Plaintiff's Complaint on August 31, 2026; however, the Defendant waited nearly a month before removing the action and filing the present motion. [See Doc. 1 at 2]. The Defendant's lack of urgency demonstrates that any harm that the Defendant may suffer by virtue of the Plaintiff's actions is not so immediate as to warrant the extraordinary remedy of interim relief. Accordingly, the Defendant's motion for a temporary restraining order and preliminary injunction is denied.

Finally, the Court notes that this dispute concerns the ownership and control of Maverick Steel Group, LLC; however, that entity is not a party to this action. Accordingly, the parties shall be directed to brief the issue of whether Maverick Steel Group, LLC is a necessary party to this action under Rule 19 of the Federal Rules of Civil Procedure.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the entry of this Order, the Plaintiff shall file a brief, not to exceed ten (10) pages, addressing the issue of whether Maverick Steel Group, LLC is a necessary

party to this action. The Defendant shall file a responsive brief, not to exceed ten (10) pages, within fourteen (14) days thereafter.

**IT IS SO ORDERED.** Signed: September 28, 2026

Martin Reidinger
Chief United States District Judge