Hand-Delivered

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:26-cv-00298-MR-WCM

FILED
ASHEVILLE, NC

OCT 13 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

| | |
|---|---|
| TROY LEE,<br><br>Plaintiff,<br><br>vs.<br><br>3E MAVERICK, LLC,<br><br>Defendant. | PLAINTIFF'S BRIEF ADDRESSING WHETHER MAVERICK STEEL GROUP, LLC IS A NECESSARY PARTY UNDER RULE 19 [Doc. 3] |

Plaintiff Troy Lee, appearing *pro se*, submits this brief as directed by the Court's Memorandum of Decision and Order entered September 28, 2026. [Doc. 3 at 3–4]. Plaintiff files this brief subject to, and without waiving, his right to seek remand of this action to the Superior Court of Henderson County, North Carolina, which he seeks by separate motion filed with this brief.

## I. SUMMARY OF POSITION

Plaintiff's position is the one stated in his Verified Complaint before removal: complete relief can be accorded between Plaintiff and Defendant 3E Maverick, LLC ("3E") without the joinder of any other person, and "[t]o the extent the Court determines that any person, including MSG, is a necessary party, Plaintiff is willing to join, and requests leave to join, such person." [Doc. 1-1 ¶¶ 11–12]. Maverick Steel Group, LLC ("MSG") is not a required party under Rule 19(a), because every item of relief Plaintiff seeks runs between the two persons who claim its membership interests, both of whom are before the Court, and because MSG has agreed to be bound by the determination of that question.

If the Court concludes otherwise, Plaintiff renews the request in paragraph 12 of the Verified Complaint for leave to join MSG. MSG is a citizen of North Carolina and, on 3E's own allegations, of New York, so its joinder would destroy complete diversity. In that event, Plaintiff respectfully submits that the Court should permit joinder and remand the action to the state court under 28 U.S.C. § 1447(e).

## II. BACKGROUND

MSG is a North Carolina limited liability company with its principal office in Henderson County, North Carolina. [Doc. 1-1 ¶ 2]. The Verified Complaint states: "MSG is not a party to this action; its membership interests are the subject of this dispute." [Id.].

Plaintiff is a citizen of North Carolina. [Doc. 1-1 ¶ 1; Doc. 1 ¶ 10]. According to 3E, its sole member is Joel Ciment, a citizen of New York. [Doc. 1 ¶ 11; Doc. 4 at 2]. Plaintiff claims one hundred percent of the validly outstanding membership interests of MSG. [Doc. 1-1 ¶ 3]. 3E's Answer states that it claims "at least" or "approximately" forty-five percent; its Counterclaim claims forty-six percent. [Doc. 1 ¶ 3; Doc. 7 at 28, ¶ 106; id. at 32, ¶ 132; id. at 50, Countercl. ¶ 53(a)].

The First Amendment to the First Amended and Restated Operating Agreement of Maverick Steel Group, LLC (the "First Amendment"), which 3E executed on or about October 14, 2024, and which 3E filed with its motion, provides that "Troy Lee shall be the sole Managing Member of the Company with full control of the Company." [Doc. 1-1 ¶ 77; Doc. 2-10 at 3, ¶ 3]. The First Amendment also lists 3E at forty-five percent; Plaintiff disputes that it conveyed any interest to, or admitted, 3E. [Doc. 2-10 at 2, ¶ 1; Doc. 1-1 ¶¶ 81, 90]. 3E pleads that the First Amendment "made Lee the sole Managing Member." [Doc. 7 at 47, Countercl. ¶ 31].

The Verified Complaint states that the action "seeks only to determine, as between Plaintiff and Defendant, the ownership of membership interests in MSG." [Doc. 1-1 ¶ 12].

3E removed the action on September 25, 2026, and moved for a temporary restraining order and preliminary injunction. [Doc. 1 at 1; Doc. 2 at 1]. The Court denied the motion, noting that 3E "has presented no pleading that presents any claim against the Plaintiff or otherwise contains any prayer for relief." [Doc. 3 at 2]. On October 2, 2026, 3E filed its Answer, Affirmative Defenses, and Counterclaim. [Doc. 7 at 1]. The Counterclaim is asserted against Plaintiff alone; MSG is not named. [Id. at 43]. It seeks declarations that 3E holds a forty-six percent membership interest and that the Consolidation of Ownership Interest, the Second Amendment, and the Sole-Member Operating Agreement executed in 2026 are void, at least as to that interest, together with damages for breach of fiduciary duty, breach of the operating agreement, breach of the implied covenant of good faith and fair dealing, and conversion. [Id. at 50–56, Countercl. ¶¶ 53–79 & Prayer A–I]. Among its affirmative defenses, 3E asserts that "Plaintiff's claims lack a necessary party," without identifying the party. [Id. at 42, Aff. Def. 6].

## III. LEGAL STANDARD

Rule 19 sets out a two-step inquiry: first, whether the absent person is required to be joined if feasible under Rule 19(a); and second, if that person cannot be joined, whether the action should proceed among the existing parties or be dismissed under Rule 19(b). *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). Rule 19(a)(1) provides that "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:"

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair

> or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). "Dismissal of a case is a drastic remedy, however, which should be employed only sparingly." *Rite Aid*, 210 F.3d at 250 (quoting *Teamsters Local Union No. 171 v. Keal Driveaway Co.*, 173 F.3d 915, 918 (4th Cir. 1999)).

## IV. ARGUMENT

MSG is not a required party. The Court can accord complete relief between Plaintiff and 3E (Part IV.A). MSG claims no interest of its own in the membership interests in dispute; its interest in the ownership determination is protected because MSG has agreed to be bound by it; and no existing party faces a risk of inconsistent obligations (Part IV.B). If the Court concludes otherwise, it should permit joinder and remand (Part IV.C).

### A. The Court can accord complete relief between Plaintiff and 3E.

Rule 19(a)(1)(A) asks whether complete relief can be accorded "among existing parties." It can. The only competing claims to MSG's membership interests in this case are Plaintiff's and 3E's, and 3E itself says the dispute is about "the parties' respective ownership interests." [Doc. 1 ¶ 1]. Each form of relief Plaintiff seeks — the declarations, quiet title, reformation limited to ownership "as between Plaintiff and Defendant," damages, a constructive trust "if appropriate," and an injunction against 3E — runs between those two parties. [Doc. 1-1 ¶¶ 12, 179 & at 21–22]. No part of Plaintiff's requested judgment requires MSG to do or refrain from doing anything. 3E's Counterclaim is framed the same way. It is asserted against Plaintiff alone, and the declarations it seeks concerning the 2026 instruments are pleaded in terms of their effect on "3E's membership interest." [Doc. 7 at 43; id. at 51, Countercl. ¶ 53(c)–(e)].

A judgment also can be carried into effect without MSG as a party. Under the First Amendment, Plaintiff is MSG's sole Managing Member "with full control of the Company." [Doc. 2-10 at 3, ¶ 3]. Plaintiff will be bound by the judgment, and MSG has agreed to conform its records to it, whichever way it comes out. [Lee Consent Decl. Ex. 1 ¶ 4].

**B. MSG does not claim an interest that its absence would impair, and no party faces inconsistent obligations.**

**1. MSG does not claim the membership interests.** Rule 19(a)(1)(B) applies only where the absent person "claims an interest relating to the subject of the action." The subject of this action is who holds MSG's membership interests. Those interests are claimed by Plaintiff and by 3E, not by MSG. [Doc. 1-1 ¶¶ 2–3, 132; Doc. 1 ¶ 3]. MSG makes no claim to them. The Fourth Circuit has affirmed a ruling that an absent party was not required where it "did not seek to join the suit or otherwise 'claim[ ] an interest relating to the subject of an action,'" distinguishing cases in which "the contracts or obligations of the 'necessary' party were being interpreted or were otherwise directly at issue." *McKiver v. Murphy-Brown, LLC*, 980 F.3d 937, 951–52 (4th Cir. 2020). Plaintiff's claims decide the competing rights of the claimants to the membership interests; they do not ask the Court to enforce any obligation MSG owes.

**2. Any interest MSG has is protected.** To the extent MSG has an interest in an accurate determination of its membership, that interest is not impaired "as a practical matter." Fed. R. Civ. P. 19(a)(1)(B)(i). Plaintiff does not ask the Court to treat him as MSG's proxy. *See Rite Aid*, 210 F.3d at 251. MSG's interest is protected by its own agreement to be bound by the determination. *See* Part IV.B.3.

**3. MSG has agreed to be bound.** MSG, acting through its sole Managing Member, has executed a Consent and Agreement to Be Bound. [Lee Consent Decl. ¶¶ 2–3 & Ex. 1]. In it, MSG agrees to be bound by any final judgment, order, or declaration in this action determining the

ownership of its membership interests as between Plaintiff and 3E, whichever way the Court decides, and undertakes to conform its records to that judgment. [Id., Ex. 1 ¶¶ 3–5]. MSG's interest in the ownership determination therefore is not impaired by its absence, and no one faces a risk that MSG will later dispute the judgment. *See Taylor v. Sturgell*, 553 U.S. 880, 893 (2008) ("[a] person who agrees to be bound by the determination of issues in an action between others is bound in accordance with the terms of his agreement" (quoting 1 Restatement (Second) of Judgments § 40 (1980))). The Consent does not concede any claim by 3E and does not extend to any relief that might later be sought against MSG's own operations or assets. [Id., Ex. 1 ¶ 6].

**4. No existing party faces inconsistent obligations.** Rule 19(a)(1)(B)(ii) concerns a risk to an existing party of "double, multiple, or otherwise inconsistent obligations." Plaintiff and 3E are the only claimants, and both will be bound. MSG's absence does not expose either of them to a conflicting claim to the same interests.

Plaintiff acknowledges candidly that parts of 3E's Counterclaim refer to MSG's governing instruments and records. Its prayer seeks declarations that MSG's Second Amendment and Sole-Member Operating Agreement are "void and of no force or effect," and it seeks damages for the failure to deliver 2025 tax information that, it alleges, MSG's operating agreement required of the Managing Member. [Doc. 7 at 55, Prayer C–D; id. at 53, Countercl. ¶¶ 65–67]. 3E pleaded those claims against Plaintiff alone. It did not join MSG to its own Counterclaim, even as it asserted that Plaintiff's claims "lack a necessary party." [Id. at 42–43]. Ownership of MSG's membership interests is the central question in each of the declarations 3E seeks, and MSG has agreed to be bound by the answer to that question. [Lee Consent Decl. Ex. 1 ¶¶ 3–5]. If the Court nonetheless views any relief requested by either party, including relief that would operate on MSG's own governing instruments or assets rather than on the parties' competing ownership claims, as

requiring MSG, that is a reason to join MSG and remand under Part IV.C, not to proceed without it.

**C. If the Court finds MSG required, the Court should permit joinder and remand under 28 U.S.C. § 1447(e).**

**1. MSG's joinder would destroy complete diversity.** The citizenship of a limited liability company is determined by the citizenship of all of its members. *Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011). Plaintiff is a member of MSG under every version of the facts either side has advanced, and he is a citizen of North Carolina. [Doc. 1-1 ¶¶ 1, 3, 132; Doc. 1 ¶¶ 3, 10; Doc. 7 at 47, 51, Countercl. ¶¶ 29, 55]. MSG is therefore a citizen of North Carolina, and its joinder as a defendant would place North Carolina citizens on both sides of the case. On 3E's own theory, MSG has an additional member, 3E, and is also a citizen of New York, the State of 3E's sole member; on that theory, MSG's presence would defeat complete diversity on either side of the case. [Doc. 1 ¶¶ 3, 11; Doc. 4 at 2]. Plaintiff does not concede that 3E is a member. But 3E, as the removing party, bears the burden of establishing jurisdiction, *Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 680 (4th Cir. 2018), and on the ownership facts 3E alleges, MSG would also be a citizen of New York.

**2. Section 1447(e) governs.** "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Fourth Circuit has held that the district court has only those two options, and that "the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). The court considers "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be

significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id.* at 462–63 (internal quotation marks and citation omitted).

**3. The factors favor joinder and remand.** *Purpose.* The request to join MSG is not a response to removal. Plaintiff made it in state court, in the Verified Complaint filed August 13, 2026, before 3E was served and before removal. [Doc. 1-1 ¶ 12; Doc. 1 ¶ 4]. The question is before the Court now because the Court raised it. [Doc. 3 at 3].

*Diligence.* Plaintiff has not been dilatory. The request was made at the outset of the case and is renewed within the time the Court set. [Doc. 3 at 3–4].

*Injury.* If the Court finds MSG required but denies joinder, the case would proceed under Rule 19(b) either without a party the Court has found to be required or toward dismissal, which would require Plaintiff to begin again in state court. Remand reaches the same forum without that delay and without a second filing.

*Other equities.* This case concerns the ownership of a North Carolina limited liability company, was filed in the county where MSG has its principal office, and was pending there when removed. [Doc. 1-1 ¶ 2; Doc. 1 ¶ 1]. The Court has not ruled on the ownership claims. [Doc. 3 at 2].

**4. Rule 19(b) should not be reached.** Rule 19(b) applies only when a required person "cannot be joined." Fed. R. Civ. P. 19(b). If the Court finds MSG required, it may permit joinder, and joinder would require remand rather than dismissal. When a plaintiff seeks after removal to join a defendant whose joinder would destroy diversity, "the actual decision on whether or not to permit joinder of a defendant under these circumstances is committed to the sound discretion of the district court; thus, this decision is not controlled by a Rule 19 analysis." *Mayes*, 198 F.3d at 462. The Court's options are to deny joinder or to permit joinder and remand. *Id.* Plaintiff asks for

the second. *Rite Aid*, which affirmed a Rule 19(b) dismissal, was commenced in federal court, where § 1447(e) had no application. 210 F.3d at 248–49. Should the Court find MSG required but deny joinder, Plaintiff respectfully requests the opportunity to address Rule 19(b) before any dismissal.

Plaintiff therefore requests, in the alternative, that the Court grant the leave to join MSG requested in paragraph 12 of the Verified Complaint and remand this action to the Superior Court of Henderson County under 28 U.S.C. § 1447(e). Plaintiff has made that request by separate motion, filed with this brief.

## V. CONCLUSION

Maverick Steel Group, LLC is not a required party under Rule 19(a), because complete relief can be accorded between Plaintiff and 3E, MSG claims no interest of its own in the membership interests in dispute, and MSG has agreed to be bound by the judgment. If the Court concludes that MSG is a required party, Plaintiff respectfully requests that the Court permit its joinder and remand this action to the Superior Court of Henderson County, North Carolina, under 28 U.S.C. § 1447(e).

Respectfully submitted, this 13th day of October, 2026.

Troy Lee, Plaintiff, *pro se*
707 Brooklyn Avenue
Hendersonville, North Carolina 28792
828-338-9478
troy@builtbymaverick.com

## CERTIFICATE OF SERVICE

I certify that on **October 13, 2026**, I served the foregoing Plaintiff's Brief Addressing Whether Maverick Steel Group, LLC Is a Necessary Party Under Rule 19, together with the attached Declaration of Troy Lee Regarding Consent of Maverick Steel Group, LLC and its Exhibit 1, on counsel for Defendant 3E Maverick, LLC by depositing a copy in the United States Mail, first-class postage prepaid, addressed as follows, and by courtesy copy by email to clewis@asklawnc.com and meisen@beneschlaw.com:

Christopher G. Lewis
Allen Stahl & Kilbourne, PLLC
20 Town Mountain Road, Suite 100
Asheville, NC 28801
*Counsel for Defendant*

Mark S. Eisen
Benesch, Friedlander, Coplan & Aronoff LLP
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Counsel for Defendant

Troy Lee, Plaintiff, *pro se*