UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TROY LEE<br><br>Plaintiff,<br><br>v.<br><br>3E MAVERICK, LLC,<br><br>Defendant. | Case No. 1:26-cv-00298-MR-WCM<br><br>Chief Judge Martin Reidinger |

**DEFENDANT 3E MAVERICK, LLC'S OPPOSITION TO PLAINTIFF TROY LEE'S MOTION TO REMAND OR, IN THE ALTERNATIVE, FOR LEAVE TO JOIN MAVERICK STEEL GROUP, LLC AND TO REMAND**

## I. INTRODUCTION

This Court has jurisdiction over the dispute, and the parties did not agree otherwise. The Court should deny Plaintiff's Motion to Remand.

Plaintiff Troy Lee contends that the Operating Agreement waived federal jurisdiction, but his reading of that agreement's forum-selection provision cannot be reconciled with its text. The provision expressly contemplates federal jurisdiction. It requires disputes arising from the Agreement to be brought in "federal or state court in Henderson County, North Carolina." The express reference to federal court shows that the parties contemplated a federal forum with jurisdiction over Henderson County—not just a courthouse physically located there. Lee's contrary interpretation would eliminate the word "federal" from the parties' Agreement and violate settled principles requiring courts to give effect to every contractual term and avoid surplusage.

Lee's alternative request fares no better. Although he seeks leave to join MSG and remand the case if MSG is deemed necessary, Lee simultaneously maintains that MSG is not a necessary party under Rule 19. 3E agrees that MSG is unnecessary to afford complete relief and that its

joinder is unwarranted. The Court should therefore enforce the forum-selection provision as written, deny Lee's Motion to Remand, decline to join MSG, and retain jurisdiction over this action.

## II. LAW AND ARGUMENT

### A. Section 12.02 expressly designates federal court as a permissible forum.[1]

The MSG Operating Agreement's operative text authorizes litigation in federal court. Its forum-selection provision states that "Any dispute arising out of or related to this Agreement must be brought in federal or state court in Henderson County, North Carolina." (*See* ECF 2-4, § 12.02.)

"When construing contractual terms, a contract's plain language controls." *Intercollegiate Women's Lacrosse Coaches Ass'n v. Corrigan Sports Enters., Inc.*, 694 F. Supp. 3d 625, 684 (M.D.N.C. 2023). North Carolina requires an interpretation that gives effect to every word of a contract, if possible. *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 381 (4th Cir. 2017). Relatedly, courts must avoid interpretations that create surplusage. *Soelect Inc. v. Redex SAS*, No. 1:24-CV-168, 2026 WL 1678096, at *9 (M.D.N.C. June 10, 2026).

Even though the forum-selection provision expressly contemplates federal jurisdiction, Lee contends that only state court is available. According to Lee, because no federal courthouse is physically situated in Henderson County, the reference to federal court is a nullity, and the dispute can proceed only in a state court in Henderson County.

Lee's interpretation of the parties' forum-selection provision flouts basic tenets of contract interpretation. Not only does Lee ask the Court to ignore the provision's plain language (that is,

---

[1] Lee spends a significant amount of his Motion arguing that the forum-selection provision applies to 3E. For purposes of this Motion, 3E assumes that the forum-selection provision in the original Operating Agreement survived the various amendments to the Operating Agreement and applies to 3E. However, nothing in this Opposition should be construed as a waiver with regard to 3E's position that the First Amended and Restated Operating Agreement dated February 21, 2023 is the operative Operating Agreement.

its reference to federal court), but also his interpretation creates surplusage. The plain text shows that the parties contemplated that disputes arising from the Agreement could be brought in state or federal court. The clause is written in the disjunctive: "*federal or state court.*" (ECF 2-4, § 12.02.) Yet, Lee's interpretation of the provision reads "federal" out of the forum-selection provision and creates surplusage.

Moreover, Lee's position that "in Henderson County" becomes surplusage under 3E's interpretation is not only wrong, but also unreasonable. Motion to Remand (ECF 10-1 at 6.) Read as a whole, "federal or state court in Henderson County, North Carolina" encompasses the federal court with jurisdiction over Henderson County. This makes sense because, while Henderson County may not physically house a federal courthouse, it falls within the jurisdiction of the Western District of North Carolina. 3E's interpretation is the only one that gives meaning to both "federal" and "in Henderson County." Because the Court must give effect to each term and avoid surplusage, the Court should reject Lee's position and conclude that the Western District of North Carolina is an appropriate forum under the parties' forum-selection provision.

**B. The cases Lee relies on are distinguishable because their forum-selection clauses are materially different from the one at issue here.**

Lee argues that remand is required because no federal courthouse is physically located in Henderson County. But the authorities he cites address materially different forum-selection provisions: they do not expressly identify federal court as a permissible venue. For example, the forum-selection clause in *Bartels by and through Bartels v. Saber Healthcare Group, LLC*, 880 F.3d 668 (4th Cir. 2018), states: "the county in which the Facility is located shall be the sole and exclusive venue for any dispute between the parties." *Id.* at 674. It does not expressly reference federal court, as the MSG Operating Agreement's clause does. And because the *Bartels* clause

authorized suit only in a particular "county," the court declined to re-write the provision to include federal court as a permissible forum.

*Aerial Adventure Technologies, LLC v. C3 Mfg., LLC*, No. 523CV00018KDBSCR, 2023 WL 3562978 (W.D.N.C. May 19, 2023), is distinguishable in the same way. There, the forum-selection clause does not identify federal court as a permissible forum: "any lawsuit arising from a dispute between the parties will be *filed and maintained exclusively in a court* of proper jurisdiction *in* Watauga County, North Carolina." *Id.* at *3 (emphasis in original). The MSG Operating Agreement's forum-selection provision, by contrast, explicitly authorizes litigation in either state or federal court. That distinguishes the MSG Operating Agreement's forum-selection provision from those in the cases that Lee cites.

**C. Courts applying similar forum-selection clauses agree that federal court is a permissible forum.**

When courts consider forum-selection clauses that contemplate either state or federal court, like the MSG provision, they conclude not only that federal court is an appropriate forum, but also that denying access to federal court would be unreasonable.

For example, the court in *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164 (E.D.N.Y. 2024), addressed a virtually identical forum-selection clause and rejected the argument that Lee proffers here. The parties' forum-selection clause stated, "[a]ny action or proceeding … to enforce [the] Agreement shall be brought only in any state or federal court located in the state of New York, County of Nassau." *Id.* at 183. The parties disputed whether federal court was a proper venue because (as is the case here) no federal courthouse was physically located in the county that the forum-selection clause identified. The court held that the U.S. District Court for the Eastern District of New York was an appropriate forum because "[i]nterpreting the Clause as encompassing state courts located in Nassau County and federal courts with jurisdiction over Nassau County …

is the only way to give effect to *all* of its terms—including the reference to federal court *and* the reference to Nassau County." *Id.* at 187 (emphasis in original). And crucially, the court noted that "a clause that expressly contemplates the availability of a federal forum cannot have been intended to limit venue exclusively to state court." *Id.* at 186 (internal citation omitted) (distinguishing *Bartels*).

Lee's attempts to distinguish *TileBar* are unpersuasive. Although *TileBar* is not a Fourth Circuit decision, its reasoning applies here, because the *TileBar* forum-selection provision is materially indistinguishable from the MSG Operating Agreement's provision. Its forum-selection provision—like the MSG Operating Agreement's—authorizes both state and federal court in a denominated county that does not contain a federal courthouse. What is more, Lee identifies no Fourth Circuit authority addressing a clause that, like the MSG and *TileBar* provisions, expressly permits suit in either state or federal court. Nor does it matter that *TileBar* arose on a motion to dismiss for forum non conveniens rather than a motion to remand. In both contexts, the relevant inquiry is whether the parties' forum-selection clause permits the action to proceed in the chosen federal forum. The Court should therefore follow *TileBar* and hold that this Court is an appropriate forum.

Nor is *TileBar* an outlier. *Androb Jewelry Service, Inc. v. Malca-Amit USA, LLC*, No. 16-CV-5171 (AJN), 2017 WL 4712422 (S.D.N.Y. Sept. 25, 2017), not only rejected Lee's argument, but held that it was not even a reasonable interpretation of the substantively identical forum-selection provision. There, the forum-selection clause required any action to be brought in the state or federal courts located in Queens County. And there, as here, no federal courthouse was physically located in the denominated county. The court held that because the clause "expressly contemplates the availability of a federal venue, and because no federal courthouse is located in

the County of Queens, the only reasonable interpretation of the clause is that it encompasses federal courts that have jurisdiction over the County of Queens." *Id.* at *5.

The MSG forum-selection provision is virtually identical to the provisions at issue in *TileBar* and *Androb*, and those cases compel the Court to conclude that federal court is an appropriate forum for this dispute. The only way to give effect to all of the terms in the MSG forum-selection provision is to find that state or federal court is an appropriate venue. Indeed, as *Androb* recognized, that is the only reasonable reading.

### D. The parties agree that MSG is not a necessary party, and the Court should decline to join MSG as a party.

In the alternative, Lee asks the Court to permit joinder and remand if the Court determines that MSG is a necessary party. The Court should disregard this argument for multiple reasons.

***First***, Lee's argument relies on a hypothetical determination that MSG is a necessary party. Indeed, Lee recognizes that MSG is not a necessary party. Brief Addressing Whether Maverick Steel Group, LLC Is a Necessary Party Under Rule 19 (ECF 11).[2] Therefore, to the extent Lee argues here that joinder is appropriate, his purpose is merely to defeat diversity jurisdiction for the purpose of remanding the case and has nothing to do with whether MSG is actually a necessary party. As such, the Court should ignore Lee's argument and decide the issue before it—whether this forum is appropriate based on the current parties and the forum-selection provision.

***Second***, even if MSG is joined as a party, the Court should nevertheless disregard its citizenship for purposes of its diversity jurisdiction analysis because MSG would be a nominal party. *See, e.g., Chellani v. Frye*, 834 F. Supp. 3d 652, 655 (M.D.N.C. 2026) (internal citation omitted) ("[F]ederal courts must disregard nominal or formal parties and rest jurisdiction only

---

[2] 3E agrees that MSG is not a necessary party for the reasons stated in its Brief Addressing Whether Maverick Steel Group, LLC is a Necessary Party which is forthcoming.

upon the citizenship of real parties to the controversy."); *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 Fed. Appx. 506 (6th Cir. 2013) (unpublished) (finding that LLC was a nominal party and did not destroy diversity jurisdiction in membership dispute because the members were the real parties in interest). Because this lawsuit is a membership dispute, Lee and 3E are the real parties in interest. Thus, although 3E does not believe MSG should be joined, doing so would not destroy diversity.

## III. CONCLUSION

For the foregoing reasons, 3E respectfully requests that the Court deny Lee's Motion to Remand, or in the Alternative, For Leave to Join Maverick Steel Group, LL and to Remand.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Michael D. Meuti*
Mark S. Eisen
N.C. State Bar No. 53836
Benesch, Friedlander, Coplan & Aronoff LLP
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
T: (312) 212-4956
F: (312) 767-9192
meisen@beneschlaw.com

Michael D. Meuti
*Admitted pro hac vice*
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
T: (216) 363-4500
F: (216) 363-4588
mmeuti@beneschlaw.com

-and-

Christopher G. Lewis
N.C. State Bar No. 25677
ALLEN STAHL & KILBOURNE, PLLC
20 Town Mountain Road, Suite 100

Asheville, NC 28801
828-254-4778
828-254-6646 fax
clewis@asklawnc.com

*Counsel for Defendant 3E Maverick, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the foregoing document using the CM/ECF system which will send notification of a filing to all parties. I also served a copy of the foregoing via email on Troy Lee at troy@builtbymaverick.com and via regular U.S. mail at 1838 Willow Road, Hendersonville, North Carolina 28739.

*/s/ Michael D. Meuti*
Michael D. Meuti
*Counsel for Defendant 3E Maverick, LLC*