UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TROY LEE<br><br>Plaintiff,<br><br>v.<br><br>3E MAVERICK, LLC,<br><br>Defendant. | Case No. 1:26-cv-00298-MR-WCM<br><br>Chief Judge Martin Reidinger |

**DEFENDANT 3E MAVERICK, LLC'S BRIEF ADDRESSING WHETHER MAVERICK STEEL GROUP, LLC IS A NECESSARY PARTY UNDER RULE 19**

## I. INTRODUCTION

Defendant 3E Maverick, LLC agrees with Plaintiff Troy Lee that Maverick Steel Group, LLC is not a necessary party under Federal Rule of Civil Procedure 19. This action concerns Lee's and 3E's respective ownership interests in MSG—not any interest claimed by MSG itself. The Court can resolve that dispute and award complete relief between the existing parties without joining MSG. Because MSG claims no interest in the subject of the action, proceeding in its absence would neither impair an asserted interest of MSG nor expose the existing parties to multiple or inconsistent obligations arising from such an interest. Rule 19 therefore does not require MSG's joinder.

Nor would permitting joinder require remand. For the same reasons that MSG is unnecessary to the resolution of the ownership dispute, it would be only a nominal party whose citizenship is irrelevant to diversity jurisdiction. The Court should therefore decline to join MSG and allow this action to proceed between Lee and 3E. Alternatively, if the Court permits joinder, it should disregard MSG's citizenship as a nominal party and deny Lee's Motion to Remand.

## II. LAW AND ARGUMENT

### A. MSG is not a necessary party under Rule 19.

Federal Rule of Civil Procedure 19 sets forth a two-step inquiry for a district court to determine whether a party should be joined in an action: (1) whether the party is "necessary" to the action under Rule 19(a) and (2) if the party is "necessary," whether the party is "indispensable to the action under Rule 19(b)." *Natl. Union Fire Ins. Co. of Pittsburgh, PA v. Rite Aid of S.C., Inc.*, 210 F.3d 246, 249 (4th Cir. 2000). Courts do not apply either prong merely as a procedural formula; rather, courts address them pragmatically, in the context of the substance of each case. *Peterson v. Harrah's NC Casino Co., LLC*, 169 F.4th 520, 525 (4th Cir. 2026).

Under Rule 19(a), a person subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if that person meets either of two conditions. First, the person must be joined if, in his absence, the court cannot accord complete relief among the existing parties. Alternatively, the person must be joined if he claims an interest relating to the subject of the action and if disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1).

#### *1. The Court can award complete relief among the existing parties.*

As both parties agree, this dispute is about Lee's and 3E's respective ownership interest in MSG. Although MSG is the "subject matter" of this dispute, its participation is not necessary to decide Lee's and 3E's respective ownership shares. For example, *Mortenson Family Dental Ctr., Inc. v. Heartland Dental Care, Inc.*, 526 Fed. Appx. 506 (6th Cir. 2013) (unpublished), addressed an LLC membership dispute and held that only the members, not the plaintiff LLC, were real parties in interest. In so holding, the court concluded that: "The LLC is only a spectator on the

sideline. That it will give a trophy to the winner does not make it a player in the game." *Id.* at 509. The same logic applies here. The real dispute is between Lee and 3E, and addresses their respective membership interests. Although the outcome of this case will determine MSG's members, MSG is not necessary for the Court to decide this issue. Accordingly, MSG is not a necessary party.

***2. MSG does not claim an interest in the subject of the action.***

As Lee acknowledges in his Brief, MSG makes no claim to its own membership interest, which is the subject interest in dispute. (ECF 11-5). Therefore, this dispute does not implicate Rule 19(a)(1)(B)(i) and (ii) because MSG claims no interest in the subject of the action.

Furthermore, even if MSG had a legally protected interest, the absent party must actually assert the interest. *Ohio Valley Envt'l Coal., Inc. v. Hobet Min., LLC*, 723 F. Supp. 2d 886, 915 (S.D.W. Va. 2010). "An interest does not qualify under Rule 19(a)(1)(B) unless claimed." *Id. See also Bluebell Bus. Ltd. v. Jones*, No. CV RDB 17-2150, 2018 WL 3740694, at *13-14 (D. Md. Aug. 7, 2018) (finding that a trust was not a necessary party because "while the Trust may *possess* an interest … there has been no indication of the Trust itself *claiming* an interest in these proceedings"). Because MSG does not claim an interest, proceeding without MSG as a party will not risk impeding or impairing MSG in any way. Similarly, no party can be subject to multiple or inconsistent obligations because of MSG's interest where MSG claims no such interest.

**B. Because MSG is not a necessary party, it is also not an indispensable party.**

A party cannot be considered indispensable if it is not necessary. *Bridgetree, Inc. v. Red F Mktg., LLC*, No. 3:10-CV-228-W, 2012 WL 896111, at *1 (W.D.N.C. Mar. 15, 2012). *See also Mercam, Inc. v. Portlyn, Inc.*, No. 106CV185, 2007 WL 1452104, at *3 (W.D.N.C. May 15, 2007) ("Inasmuch as South Trade is not a necessary party, it logically follows that it is not

indispensable.”). Because MSG is not a necessary party, the Court need not reach the indispensability inquiry, and this action may proceed without MSG.

### C. Even if the Court permits joinder, MSG would be a nominal party, and its citizenship would not be relevant for purposes of determining diversity jurisdiction.

A nominal party has no immediately apparent stake in the litigation, either before or after removal, and the key inquiry is whether the suit can be resolved without affecting that party in any reasonably foreseeable way. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 260 (4th Cir. 2013). Here, the same considerations that weigh against requiring MSG’s joinder also support treating it as a nominal party: both parties agree that the Court can fully resolve the ownership dispute between Lee and 3E without MSG’s participation, and MSG claims no interest in that dispute. Thus, even if the Court permits joinder, MSG’s role would be that of a nominal party.

The Court need not consider a nominal party’s citizenship in determining diversity jurisdiction. *Bowers v. State Farm Mut. Auto. Ins. Co.*, No. 1:17CV825, 2017 WL 6389705, at *2 (M.D.N.C. Dec. 14, 2017). *See also Chellani v. Frye*, 834 F. Supp. 3d 652, 655 (M.D.N.C. 2026) (internal citation omitted) (“[F]ederal courts must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy.”). The Court should decline to join MSG because it is not a necessary party. However, if the Court permits joinder, it should disregard MSG’s citizenship as a nominal party and deny Lee’s Motion to Remand.

## III. CONCLUSION

For the foregoing reasons, 3E respectfully requests that the Court decline to add MSG as a party.

Dated: October 26, 2026

Respectfully submitted,

*/s/ Michael D. Meuti*

Mark S. Eisen
N.C. State Bar No. 53836
Benesch, Friedlander, Coplan & Aronoff LLP
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
T: (312) 212-4956
F: (312) 767-9192
meisen@beneschlaw.com

Michael D. Meuti
*Admitted pro hac vice*
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
T: (216) 363-4500
F: (216) 363-4588
mmeuti@beneschlaw.com

-and-

Christopher G. Lewis
N.C. State Bar No. 25677
ALLEN STAHL & KILBOURNE, PLLC
20 Town Mountain Road, Suite 100
Asheville, NC 28801
828-254-4778
828-254-6646 fax
clewis@asklawnc.com

*Counsel for Defendant 3E Maverick, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2026, I electronically filed the foregoing document using the CM/ECF system which will send notification of a filing to all parties. I also served a copy of the foregoing via email on Troy Lee at troy@builtbymaverick.com and via regular U.S. mail at 1838 Willow Road, Hendersonville, North Carolina 28739.

*/s/ Michael D. Meuti*
Michael D. Meuti
*Counsel for Defendant 3E Maverick, LLC*