Hand-Delivered

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:26-cv-00298-MR-WCM**

TROY LEE,

Plaintiff/Counterclaim Defendant,

vs.

3E MAVERICK, LLC,

Defendant/Counterclaim Plaintiff.

PLAINTIFF'S CERTIFICATE OF INITIAL ATTORNEY'S CONFERENCE AND PROPOSED DISCOVERY PLAN [LCvR 16.1(b)]

FILED
ASHEVILLE, NC

OCT 27 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Plaintiff and Counterclaim Defendant Troy Lee ("Plaintiff"), appearing pro se, submits this Certificate of Initial Attorney's Conference and proposed discovery plan under Local Civil Rule 16.1(b) and Federal Rule of Civil Procedure 26(f).

**1. Reservation**

Plaintiff submits this Certificate subject to, and without waiving, his pending Motion to Remand [Doc. 10] and every objection to removal and to the sufficiency of service. Nothing in this Certificate consents to the jurisdiction of this Court or waives the forum-selection provision of the April 13, 2021 Operating Agreement of Maverick Steel Group, LLC. Plaintiff has not consented to electronic service under Fed. R. Civ. P. 5(b)(2)(E). Plaintiff stated this reservation at the outset of the conference.

**2. Conference**

The parties conducted the Initial Attorney's Conference by telephone (Microsoft Teams) on October 20, 2026. Plaintiff participated pro se. Michael D. Meuti and Caroline R. Hamilton of Benesch, Friedlander, Coplan & Aronoff LLP participated for Defendant and Counterclaim Plaintiff 3E Maverick, LLC ("3E"). The issues joined on October 21, 2026, when Plaintiff filed his Answer to 3E's Counterclaim. [Doc. 13].

**3. Why Plaintiff files a separate Certificate**

At the conference, counsel for 3E asked Plaintiff to send his discovery-plan questions and a list of the documents he seeks by email. Plaintiff did so on October 21, 2026, and asked for 3E's positions by October 26, 2026 so that they could be reported jointly in this Certificate. As of filing, 3E had not responded to that email or circulated a draft certificate. Plaintiff therefore files this Certificate setting out his positions and, where stated at the conference, 3E's positions.

**4. Initial disclosures (Fed. R. Civ. P. 26(a)(1))**

Plaintiff: initial disclosures to be exchanged fourteen (14) days after entry of the Court's case management order, consistent with the Court's standard Pretrial Order and Case

Management Plan. 3E (at the conference): October 26, 2026. As of the date of this Certificate, 3E has not served initial disclosures.

**5. Proposed discovery plan (Fed. R. Civ. P. 26(f)(3))**

(a) Subjects. Discovery is needed on: the formation, existence, membership, and authority of 3E, and any person or entity holding or promised an interest in 3E or in the membership interest it claims; the February 21, 2023 transaction documents, and any conveyance or admission of a membership interest to 3E after November 6, 2023; any consideration paid for any membership interest; financial records sufficient to show each advance of funds to or for MSG by 3E, Joel Ciment, or persons or entities affiliated with him, including GN Lending, LLC and 3 Equities I LLC — the date, amount, originating account, and payor of each advance, and its accounting and tax treatment by the payor — and the books, ledgers, and capital-account records of 3E reflecting any interest in or advance to MSG; the preparation of MSG's Schedules K-1 issued to 3E, including the basis for any capital contribution reported for 3E, and 3E's own tax reporting of the interest it claims; the October 2024 amendment documents; the May 15, 2023 Singer Assignment, the conditions stated in it, and communications concerning the release of The Singer Company, LLC and Geoffrey Singer from MSG-related debt; communications and documents exchanged between 3E or Joel Ciment and any actual or prospective lender, investor, or source of financing — including Isaac Fox Group and its affiliates, principals, and personnel — concerning financing of, investment in, or ownership of MSG, including offering, investment, and term-sheet materials, and statements by 3E or Joel Ciment to any third party concerning 3E's claimed interest in MSG; communications between Plaintiff and Joel Ciment, by any means, from their first contact concerning MSG; Joel Ciment's role and title at MSG and his communications with MSG personnel concerning ownership or control; the 2026 terminations, assignments, and amendments; and the matters alleged in 3E's Counterclaim, including the basis for any damages 3E claims. Plaintiff proposes that discovery be limited to matters relevant to the ownership of MSG and to the consideration for, and the source and character of, funds advanced to or for MSG by 3E, Joel Ciment, or persons or entities affiliated with him, for the period from the parties' first discussions concerning financing of MSG in 2022 to the present. 3E did not state a position.

(b) Limits. Plaintiff proposes the limits in the Court's standard Pretrial Order and Case Management Plan: twenty (20) interrogatories, twenty-five (25) requests for admission, and six (6) fact-witness depositions per party, each deposition limited to one day of seven hours under Fed. R. Civ. P. 30(d)(1), and up to five (5) expert witnesses per side. Plaintiff reserves the right to seek leave for additional depositions under Fed. R. Civ. P. 30(a)(2). 3E (at the conference): fifteen (15) interrogatories, forty (40) requests for admission, and three (3) depositions per side.

(c) Schedule. Plaintiff proposes the Court's standard schedule measured from joinder on October 21, 2026: designation of mediator twenty-one (21) days after entry of the case management order; Plaintiff's expert reports by January 21, 2027; Defendant's expert reports by February 22, 2027; discovery completed by June 21, 2027; mediated settlement conference by July 6, 2027; dispositive motions by July 21, 2027; trial term on or after December 21, 2027. 3E did not state proposed dates at the conference.

(d) Timing in relation to the Motion to Remand. Plaintiff requested at the conference that discovery be deferred until the Court rules on the Motion to Remand, so that the parties do not incur discovery expense in a forum that may not retain the case. 3E opposed deferral. Plaintiff

renews that request in the alternative to the schedule above, and notes that under LCvR 16.1(f) and LCvR 26.1, Court-enforceable discovery does not commence until a Scheduling Order is entered.

**6. Electronically stored information**

Plaintiff proposes that executed transaction documents, and drafts of them, be produced by both sides in native format with metadata intact, and that each party preserve the devices, email accounts, and messaging applications (including WhatsApp) used to create, edit, sign, or transmit those documents. 3E did not state a position.

**7. Privilege and protection**

Plaintiff proposes (a) an order under Fed. R. Evid. 502(d), and (b) a mutual stipulation that litigation communications and work product created after June 1, 2026 need not be logged. 3E did not state a position.

**8. Protective order**

Plaintiff will agree to a stipulated protective order with a single confidentiality tier, provided that Plaintiff, as a pro se party, has access to all designated material; that designated material may be used only in this action; and that the order does not restrict any party's use of documents or information obtained independently of discovery in this action. 3E did not state a position.

**9. Consent to Magistrate Judge**

Plaintiff does not consent to the exercise of jurisdiction by a United States Magistrate Judge. 3E has not stated its position to Plaintiff.

**10. Alternative dispute resolution**

Plaintiff will participate in a mediated settlement conference under LCvR 16.2 at the appropriate time, after the parties have exchanged the documents bearing on ownership and consideration. Plaintiff limits any settlement discussion to this action.

**11. Trial**

Plaintiff has demanded a jury trial. [Doc. 1-1 at 22]. Plaintiff estimates that trial will require four (4) days.

**12. Initial pretrial conference**

Plaintiff does not request an initial pretrial conference at this time.

**13. Other matters**

Plaintiff's Motion to Remand [Doc. 10] and the Rule 19 briefing ordered by the Court [Doc. 3; Docs. 11, 15] are pending. 3E filed its response to the Motion to Remand on October 26, 2026 [Doc. 14]; Plaintiff's reply is due November 2, 2026.

Respectfully submitted, this 27th day of October, 2026.

______________________________

Troy Lee, Plaintiff, pro se
707 Brooklyn Avenue

Hendersonville, North Carolina 28792
828-338-9478
troy@builtbymaverick.com

**CERTIFICATE OF SERVICE**

I certify that on October 27, 2026, I served the foregoing Plaintiff's Certificate of Initial Attorney's Conference and Proposed Discovery Plan on counsel for Defendant 3E Maverick, LLC by depositing copies in the United States Mail, first-class postage prepaid, addressed as follows:

Mark S. Eisen
Benesch, Friedlander, Coplan & Aronoff LLP
71 S. Wacker Drive, 16th Floor
Chicago, Illinois 60606

Michael D. Meuti
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

Christopher G. Lewis
The Law Office of Christopher G. Lewis, P.A.
12B Wall Street
Asheville, North Carolina 28801
Counsel for Defendant

Troy Lee, Plaintiff, pro se