Hand-Delivered

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**CIVIL CASE NO. 1:26-cv-00298-MR-WCM**

TROY LEE,

Plaintiff/Counterclaim Defendant,

vs.

3E MAVERICK, LLC,

Defendant/Counterclaim Plaintiff.

PLAINTIFF'S NOTICE REGARDING DEFENDANT'S CERTIFICATION AND REPORT OF RULE 26(f) CONFERENCE [Doc. 17]

FILED
ASHEVILLE, NC
OCT 28 2026
U.S. DISTRICT COURT
W. DISTRICT OF N.C.

Plaintiff and Counterclaim Defendant Troy Lee ("Plaintiff"), appearing pro se, submits this Notice regarding the Certification and Report of Fed. R. Civ. P. 26(f) Conference and Discovery Plan filed by Defendant and Counterclaim Plaintiff 3E Maverick, LLC ("3E") on October 27, 2026 [Doc. 17], so that the record reflects Plaintiff's positions on the matters it describes. Plaintiff submits this Notice subject to, and without waiving, his pending Motion to Remand [Doc. 10] and his objections to removal and to the sufficiency of service.

**1. Doc. 17 is not a joint report**

Doc. 17 states that "[t]he parties jointly propose" its discovery plan and that the parties request a conference with the Court before entry of the scheduling order. [Doc. 17 at 1–2]. It is signed only by counsel for 3E. [Id. at 3]. Plaintiff did not agree to that plan or to that request, and did not see Doc. 17 before it was filed. At the October 20, 2026 conference, counsel for 3E stated that 3E would send Plaintiff a draft of its report and asked Plaintiff to email his discovery-plan questions and a list of the documents he seeks. Plaintiff did so on October 21, 2026, and asked for 3E's positions by October 26, 2026. Plaintiff received no draft and no response before 3E filed Doc. 17. Plaintiff's positions are set out in his Certificate of Initial Attorney's Conference and Proposed Discovery Plan, filed October 27, 2026. [Doc. 16].

**2. Settlement**

Doc. 17 states that "3E Maverick explored early settlement with Mr. Lee, who refused to discuss the issue." [Doc. 17 at 2]. At the conference, counsel for 3E raised settlement as a discussion under Federal Rule of Evidence 408 and stated that none of that discussion would go in the report. Plaintiff stated that he was not prepared to discuss settlement until the facts in controversy, including the money at issue and 3E's claimed participation, had been disclosed, and that he would participate in mediation at the appropriate time. Plaintiff will participate in a mediated settlement conference under LCvR 16.2. [Doc. 16 ¶ 10].

**3. Preservation of documents and electronically stored information**

Doc. 17 states that, because Plaintiff is proceeding pro se, 3E "has concerns with his ability to properly preserve and produce documents, particularly electronically stor[ed] information." [Doc. 17 at 3]. Plaintiff is preserving all potentially relevant documents and electronically stored information, including his email accounts, messaging applications, and devices. Plaintiff has proposed that each party preserve the devices, email accounts, and messaging applications (including WhatsApp) used to create, edit, sign, or transmit the transaction documents, and that executed documents and drafts be produced in native format with metadata intact. [Doc. 16 ¶ 6]. 3E has not identified to Plaintiff any specific preservation concern.

**4. Schedule and limits**

Doc. 17 proposes that discovery be completed by January 29, 2027, with fifteen (15) interrogatories, forty (40) requests for admission, and four (4) depositions per side. [Doc. 17 at 1–2]. Plaintiff proposes the limits and schedule in the Court's standard Pretrial Order and Case Management Plan, measured from joinder of the issues on October 21, 2026, including twenty (20) interrogatories, twenty-five (25) requests for admission, six (6) fact-witness depositions per side, and completion of discovery by June 21, 2027. [Doc. 16 ¶ 5(b)–(c)]. Plaintiff does not request a conference before entry of the scheduling order, but will attend any conference the Court sets.

Respectfully submitted, this 28 day of October, 2026.

[signature]

Troy Lee, Plaintiff, pro se
707 Brooklyn Avenue
Hendersonville, North Carolina 28792
828-338-9478
troy@builtbymaverick.com

VERIFICATION: I declare under penalty of perjury under the laws of the United States of America that the factual statements in this Notice are true and correct. Executed on Oct 28, 2026.

[signature]

Troy Lee, Plaintiff, pro se

**CERTIFICATE OF SERVICE**

I certify that on Oct. 28, 2026, I served the foregoing Plaintiff's Notice Regarding Defendant's Certification and Report of Rule 26(f) Conference [Doc. 17] on counsel for Defendant 3E Maverick, LLC by depositing copies in the United States Mail, first-class postage prepaid, addressed as follows:

Mark S. Eisen
Benesch, Friedlander, Coplan & Aronoff LLP
71 S. Wacker Drive, 16th Floor

Chicago, Illinois 60606

Michael D. Meuti
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114

Christopher G. Lewis
The Law Office of Christopher G. Lewis, P.A.
12B Wall Street
Asheville, North Carolina 28801
Counsel for Defendant

______________________________
Troy Lee, Plaintiff, pro se