Hand-Delivered

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

CIVIL CASE NO. 1:26-cv-00298-MR-WCM

TROY LEE,
Plaintiff,

vs.

3E MAVERICK, LLC,
Defendant.

FILED
ASHEVILLE, NC

OCT 28 2026

U.S. DISTRICT COURT
W. DISTRICT OF N.C.

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND OR, IN THE ALTERNATIVE, FOR LEAVE TO JOIN MAVERICK STEEL GROUP, LLC AND TO REMAND**

Plaintiff Troy Lee, appearing pro se, replies to Defendant 3E Maverick, LLC's Opposition [Doc. 14] to his Motion to Remand or, in the Alternative, for Leave to Join Maverick Steel Group, LLC and to Remand [Doc. 10] and supporting Memorandum [Doc. 10-1]. This reply addresses matters newly raised in the Opposition. LCvR 7.1(e).

## I. INTRODUCTION

Section 12.02 of the 2021 Operating Agreement provides: "Any dispute arising out of or related to this Agreement must be brought in federal or state court in Henderson County, North Carolina and the parties hereby consent to the exclusive jurisdiction and venue of such forum." [Doc. 2-4 at 18, § 12.02]. For purposes of this Motion, 3E assumes that this provision "survived the various amendments to the Operating Agreement and applies to 3E," while reserving its position on which operating agreement is operative. [Doc. 14 at 2 n.1]. On that stated assumption, the interpretive question is whether § 12.02 permits removal to a federal court that does not sit in Henderson County. 3E reads the clause to reach "the federal court with jurisdiction over Henderson County." [Doc. 14 at 3]. That reading substitutes "with jurisdiction over" for the word "in."

3E also describes Plaintiff's position as a contention that the Operating Agreement "waived federal jurisdiction." [Doc. 14 at 1]. Plaintiff's primary ground for remand is contractual waiver of removal, not an absence of subject-matter jurisdiction. In that setting, "an enforceable forum-selection clause essentially operates as an affirmative defense to removal." *Bartels ex rel. Bartels v. Saber Healthcare Grp., LLC*, 880 F.3d 668, 681 (4th Cir. 2018).

## II. ARGUMENT

### A. Every word of § 12.02 has effect under Plaintiff's reading.

3E's quotation of § 12.02 ends at "North Carolina." [Doc. 14 at 2]. The Opposition does not address the remainder of the sentence, in which the parties "consent to the exclusive jurisdiction and venue of such forum." [Doc. 2-4 at 18, § 12.02].

Plaintiff agrees that the Court should give effect to every word of the clause if possible. *See SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 381 (4th Cir. 2017). Each word has a function. "Federal or state" identifies the kinds of court that may hear a dispute. "In Henderson County, North Carolina" fixes where that court must be. "Exclusive jurisdiction and venue of such forum" makes the location mandatory. A federal court sitting in Henderson County would satisfy the clause, so "federal" is not surplusage. That no federal court sits there today, *see* 28 U.S.C. § 113(c), does not authorize the Court to replace "in" with "having jurisdiction over." 3E's reading, by contrast, leaves "in Henderson County" and "exclusive . . . venue of such forum" without limiting effect as to federal courts. *Bartels* holds that clauses using geographic limitations "permit the case to be filed with any court, whether state or federal, that is located within the contractually described geographical boundary." 880 F.3d at 676.

A federal court addressing this structure reached that conclusion. In *Buc-ee's, Ltd. v. Building & Earth Sciences, Inc.*, No. 3:23-cv-234, Doc. 20 (S.D. Tex. Nov. 27, 2023), the clauses provided for "the exclusive jurisdiction and venue of state courts and federal courts . . . situated in Brazoria County, Texas," and for suit "in the state or federal courts situated in Brazoria County, Texas." *Id.* at 2. No federal courthouse sat in Brazoria County when that action was removed. The defendants removed to the federal division that hears cases from that county, and the court remanded. It held that "the clauses' explicit reference to federal courts neither makes this court a contractually permitted venue for this case nor renders the clauses ambiguous." *Id.* at 3. The reference to federal courts "provides for the possibility that there could come a day when a federal courthouse is physically located in Brazoria County," and that day had not arrived. *Id.* at 6. *See also Collin Cnty. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 52–54 (5th Cir. 2007) (unpublished) (affirming remand where the clause placed venue "exclusively in Collin County" and no federal court sat there); *Lake Point Advisory Grp., LLC v. Massenburg*, No. 3:19-CV-2407-X, ECF No. 31 at 2–4 (N.D. Tex. Apr. 28, 2020) (clause requiring suit "in federal or state court located in Rockwall County"; rejecting the reading "a court encompassing Rockwall County" and limiting venue to "courts within the boundaries of Rockwall County").

### B. The reading *Bartels* rejected is the reading 3E proposes.

3E says that because the *Bartels* clause "authorized suit only in a particular 'county,' the court declined to re-write the provision to include federal court as a permissible forum." [Doc. 14 at 3–4]. The rewrite *Bartels* declined was narrower: it refused to read the clause to cover "the county in which a federal courthouse is located that has jurisdiction over the county in which the Facility is located." 880 F.3d at 674. 3E asks this Court to read § 12.02 the same way. *Bartels* did not adopt

that rule alone. It observed that, on that question, "every circuit court to have addressed this issue has agreed with the plaintiffs," and quoted the Second Circuit's holding that "no reasonable reading of the clause permits the interpretation that the parties had agreed to trial in Suffolk County or Brooklyn because those courthouses were within the Eastern District of New York, which spans an area including Nassau County." 880 F.3d at 675 (quoting *Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76–77 (2d Cir. 2009)). The Ninth Circuit, rejecting the argument that a federal court is "in" a county by virtue of its authority over cases arising there, held that a clause placing venue in a county "unambiguously prohibits litigation in federal court when there is no federal courthouse located in the designated county." *City of Albany v. CH2M Hill, Inc.*, 924 F.3d 1306, 1307–08 (9th Cir. 2019). 3E proposes the same substitution of territorial jurisdiction for physical location. The word "federal" identifies a second kind of court that may hear the dispute; it does not change where that court must be. As Plaintiff noted in his Memorandum, *TileBar* distinguished *Bartels* on the ground that the *Bartels* clause did not name federal court. [Doc. 10-1 at 5]. Plaintiff acknowledges that *Bartels* did not decide a clause with express federal-court language. Its reasoning nonetheless applies, because it rested on the clause's geographic limit, and § 12.02 has the same kind of limit. 880 F.3d at 676.

3E distinguishes *Aerial Adventure Technologies, LLC v. C3 Manufacturing, LLC*, No. 5:23-cv-00018-KDB-SCR, ECF No. 31 (W.D.N.C. May 18, 2023), on the same ground. [Doc. 14 at 4]. That clause required suit "in a court of proper jurisdiction in Watauga County." *Aerial Adventure*, ECF No. 31 at 3. Read 3E's way, those words would reach the federal court with jurisdiction over Watauga County. This Court enforced the geographic limit and remanded. *Id.* at 5–6.

### C. *TileBar* and *Androb* should not be followed here.

Plaintiff has acknowledged that *TileBar v. Glazzio Tiles*, 723 F. Supp. 3d 164 (E.D.N.Y. 2024), read express federal-court language the other way. [Doc. 10-1 at 5–6]. Plaintiff has not identified a controlling Fourth Circuit decision addressing the express federal-court wording presented here. 3E adds *Androb Jewelry Service, Inc. v. Malca-Amit USA, LLC*, No. 16-CV-5171 (AJN), 2017 WL 4712422 (S.D.N.Y. Sept. 25, 2017), and argues that *TileBar*'s posture does not matter. [Doc. 14 at 5–6]. Both decisions rest on construing a county clause to reach the federal court "with jurisdiction over" the county. *TileBar*, 723 F. Supp. 3d at 187; [Doc. 14 at 6 (describing *Androb*)]. The Court should not adopt that construction. It is the construction *Bartels* declined to write into a county clause, 880 F.3d at 674, and *Buc-ee's* rejected it on a clause of the same structure in the removal setting presented here, *Buc-ee's*, Doc. 20 at 3–6. *Lake Point* likewise rejected that construction in an action originally filed in federal court. *Lake Point*, ECF No. 31 at 2–4.

### D. The conditional joinder request predates removal.

3E argues that because Plaintiff maintains MSG is not a necessary party, his alternative request "is merely to defeat diversity jurisdiction." [Doc. 14 at 6]. The record does not support that inference. Before removal, Plaintiff's Verified Complaint stated:

> This action does not seek to void, impair, modify, or adjudicate the rights of any lender of MSG, the validity of any loan, or the enforceability of any security interest, and seeks only to determine, as between Plaintiff and Defendant, the ownership of membership interests in MSG. No absent person is a necessary or indispensable party to this action. To the extent the Court determines that any person, including MSG, is a necessary party, Plaintiff is willing to join, and requests leave to join, such person.

[Doc. 1-1 at 4, ¶ 12]. That is the position Plaintiff holds now: MSG is not required, but if the Court concludes otherwise, Plaintiff asks to join it. After removal,

the Court noted that "this dispute concerns the ownership and control of Maverick Steel Group, LLC; however, that entity is not a party to this action," and directed briefing under Rule 19. [Doc. 3 at 3]. Plaintiff briefed the question as ordered. [Doc. 11]. That sequence does not show a joinder request invented to defeat jurisdiction. Whether MSG is required under Rule 19 does not decide the § 1447(e) question. That decision "is committed to the sound discretion of the district court" and "is not controlled by a Rule 19 analysis." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999). 3E addresses purpose but not the remaining factors that guide a request under § 1447(e). *See id.* at 462–63; [Doc. 10-1 at 11]. Plaintiff does not ask the Court to decide the Rule 19(b) factors on this record. If the Court is inclined to find MSG required and joinder not feasible, Plaintiff requests the opportunity to address Rule 19(b) before any dismissal.

### E. MSG's nominal status depends on the substantive relief requiring its joinder.

3E argues that, if joined, MSG would be a nominal party because "this lawsuit is a membership dispute." [Doc. 14 at 6–7]. As the removing party, 3E bears the burden on that question. *See Chellani v. Frye*, No. 1:26-cv-184-DAB-JEP, Doc. 31 at 2 (M.D.N.C. June 4, 2026) ("General Motors bears the burden to demonstrate that this case belongs in federal court.") (citing *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 259 (4th Cir. 2013)).

Plaintiff's position remains that MSG is not required to decide the parties' competing claims to the membership interests. Plaintiff's alternative request presents the nominal-party question if the Court considers joining MSG, and that question should be answered by reference to the relief that would lead the Court to join it. The Fourth Circuit asks "whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way." *Hartford*, 736 F.3d at 260.

3E's Counterclaim describes the relief it seeks against MSG's governing instruments in two ways. In the body, it seeks declarations that the Second OA Amendment and the Sole-Member Operating Agreement are "void and of no force or effect as to 3E's membership interest." [Doc. 7 at 51, Countercl. ¶ 53(d)–(e)]. In its prayer, it asks for declarations that the Second Amendment and the Sole-Member Operating Agreement are "void and of no force or effect," without that limitation. [Doc. 7 at 55, Prayer ¶¶ C–D]. The Opposition addresses neither. 3E may respond that deciding whether those instruments affect its claimed interest is simply deciding ownership between the members. To the extent the requested judgment does no more than that, Plaintiff's primary position applies and MSG need not be joined. But if the Court reads the Counterclaim to seek a declaration that the instruments themselves are void, the judgment would reach rights and obligations of MSG beyond identifying the prevailing member. Both instruments bear MSG's signed acknowledgment, by Troy Lee as Sole Managing Member. [Doc. 2-13 at 6; Doc. 2-14 at 7]. The Sole-Member Operating Agreement sets the authority under which MSG is managed and provides for obligations of MSG itself, including indemnification of its member, managing member, officers, employees, and agents. [Doc. 2-14 at 3–4, §§ 5.1–5.3, 6.1]. A judgment declaring those instruments void would determine which agreement governs MSG and what MSG owes, a consequence that runs to MSG rather than only to the competing claimants. 3E's own proposed order likewise sought relief directed at MSG's corporate conduct. Although the Court denied interim relief, [Doc. 3 at 3], that order would have barred "MSG's personnel, agents, and affiliates" from causing MSG to sell or encumber its assets, enter into new financing, merge, or "take any other fundamental corporate action specified in MSG's governing documents or under North Carolina law" without the Court's approval. [Doc. 2-18 at 2].

That distinguishes 3E's authorities. In *Mortenson Family Dental Center, Inc. v. Heartland Dental Care, Inc.*, 526 F. App'x 506 (6th Cir. 2013) (unpublished), the claim sought a declaration of one member's ownership interest. The court concluded that the LLC "has not asserted any rights and will not get any relief from the outcome of the suit," and rejected the arguments that the LLC's role in distributions and management made it a real party. *Id.* at 508–09. The opinion does not describe a claim seeking invalidation of the LLC's governing instruments. In *Chellani*, the disregarded defendant was an individual driver whose personal exposure had been eliminated by a covenant not to enforce judgment. *Chellani*, Doc. 31 at 2–3.

Courts resolving members' disputes over an LLC draw the same line. In *Memory Care US REIT, LLC v. PMC Investor, LP*, No. 23-357-CFC, Doc. 25 at 5–7 (D. Del. Nov. 16, 2023), the court remanded because the members' competing claims sought relief that "went beyond merely determining the relative ownership percentages of the members," including declarations on whether the LLC's own actions were valid or void, so the LLC had a "real interest" in the outcome. In the companion action, the court held the LLC was not nominal where the claimant sought to void "any amendments or changes to the REIT's corporate documents," and it declined to conflate "Rule 19 law with nominal party law." *PMC Inv'r, LP v. Memory Care (US REIT) Pty Ltd.*, No. 1:22-cv-3841-TNM, Doc. 29 at 5–6 (D.D.C. June 15, 2023) (citing *Hartford*, 736 F.3d at 260). In both cases the LLC was already a party, and the relief also reached its operating contracts. Neither holds that an LLC must be joined. Both recognize a substantive company interest where the requested relief extends beyond determining ownership percentages.

If MSG's joinder under § 1447(e) is permitted, MSG would be a citizen of North Carolina and, on 3E's own allegations, of New York. [Doc. 10-1 at 10–11]. Plaintiff does not concede that 3E is a member of MSG. On the facts 3E pleads,

however, the joinder Plaintiff requests would destroy diversity, and § 1447(e) provides for remand. [*Id.*]; 28 U.S.C. § 1447(e).

## III. CONCLUSION

The Court should remand this action to the Superior Court of Henderson County, North Carolina. In the alternative, if the Court determines that MSG is a required party, the Court should grant Plaintiff leave to join MSG and remand the action under 28 U.S.C. § 1447(e). In no event should the action be dismissed under Rule 19(b) without further briefing.

Respectfully submitted, this 28 day of October, 2026.

Troy Lee, Plaintiff, pro se
707 Brooklyn Avenue
Hendersonville, North Carolina 28792
828-338-9478
troy@builtbymaverick.com

## CERTIFICATE OF SERVICE

I certify that on October 28, 2026, I served the foregoing Plaintiff's Reply in Support of Motion to Remand or, in the Alternative, for Leave to Join Maverick Steel Group, LLC and to Remand on counsel for Defendant 3E Maverick, LLC by depositing a copy in the United States Mail, first-class postage prepaid, addressed as follows, and by courtesy copy by email to clewis@asklawnc.com, meisen@beneschlaw.com, and mmeuti@beneschlaw.com:

Christopher G. Lewis
Allen Stahl & Kilbourne, PLLC
20 Town Mountain Road, Suite 100
Asheville, NC 28804
Counsel for Defendant

Mark S. Eisen
Benesch, Friedlander, Coplan & Aronoff LLP
71 S. Wacker Drive, Suite 1600
Chicago, Illinois 60606
Counsel for Defendant

Michael D. Meuti
Benesch, Friedlander, Coplan & Aronoff LLP
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Counsel for Defendant

Troy Lee, Plaintiff, pro se